GAUDIN, Judge.
E.I. Du Pont de Nemours and Company has appealed from a judgment of the 40th Judicial District Court which found that Du Pont owed additional corporate franchise taxes relating to its investment in and/or acquisition of Conoco, Inc. We affirm in part and reverse in part.
Du Pont, which owns 100 per cent of Conoco’s voting stocks, argues on appeal (1) that the trial judge erred in equating ownership with control and (2) that it was also erroneous for the court to conclude that the value to be used for stock issued in connection with the acquisition of Conoco was the value shown on Du Pont’s books rather than the basis of the assets (book value) in the hands of Conoco.
Concerning ownership versus control, Du Pont contends that Conoco continued to operate after its acquisition just as it had prior to the acquisition. The trial judge, in well articulated written “Reasons for Judgment”, stated that Du Pont had in fact “... chose to exercise its control by letting persons with knowledge of the business continue with the day to day operation of it.” The trial judge apparently did not look much beyond Du Pont’s 100 per cent ownership to conclude that complete ownership meant control within the scope and meaning of LSA-R.S. 47:606, the statute dealing with the allocation of taxable capital. Section B of the statute states:
“Allocation of intercompany items. For the purpose of allocation, investments in, advances to, or revenues from a parent or subsidiary corporation shall be allocated to Louisiana on the basis of the percentage of capital employed in Louisiana for corporation franchise tax purposes by the parent or subsidiary corporation. A subsidiary corporation is any corporation the majority of the capital stock of which is actually, wholly or substantially owned by another corporation and whose management, business policies and operations are, howsoever, actually, wholly or substantially controlled by another corporation; which latter corporation shall be termed the parent corporation.”
In addition to full stock ownership by Du Pont, Du Pont also caused several changes to be made in Conoco’s board and executive committee once it became total owner. Considering these changes in management along with complete stock ownership, we cannot say that the trial judge erred in *218 finding Du Pont the parent and controlling company and Conoco a wholly owned subsidiary. At the very least, full ownership along with the personnel changes create a presumption of control. Neither Du Pont nor Conoco seriously attempted to rebut this presumption.
If Du Pont did not control Conoco, it (Du Pont) might not owe the corporate franchise tax the state is trying to collect. Du Pont cites and relies on North Baton Rouge Development Co., Inc. v. Collector of Revenue, 304 So.2d 293 (La.1974). In this case however, the Louisiana Supreme Court found that the alleged parent company did not own, wholly or substantially, the other corporation; thus, the first part of the two-part R.S. 47:606(B) test was not met. The first part of the statutory test is ownership. The second part of the test is control. In any event, the North Baton Rouge Development Co., Inc. case is distinguishable.
We hold, for the foregoing reasons, that if the parent company owns all of the voting stocks, if the parent company makes some managerial changes and if neither the parent company nor the subsidiary makes a reasonably strong showing to rebut the presumption of control by the parent, then a finding of control by the parent as far as R.S. 47:606(B) is concerned can be made by a tax auditor and subsequently by the courts.
Du Pont’s second assignment of district court error is that the wrong tax was imposed. The state auditor, John Marshall, testified that he calculated the tax of $502,-874.00 based on the value of Du Pont stock issued in connection with the acquisition. Du Pont argues that such a calculation ignores Rule 604, promulgated by the Department of Revenue in connection with R.S. 47:604. This rule provides, in pertinent part:
“The only other exception to the rule that capital stock exchanged for assets shall have such value as equals the fair market value of the assets received and any intangibles received is in the case of stock issued in exchange for assets in a reorganization, which transaction was fully exempt from the tax imposed by the Louisiana income tax law, in which case the value of the stock shall have a value equal to the basis of the assets received in the hands of the transferor of the assets, plus any intangibles received.” (underlining provided.)
This rule appears to apply to the Du Pont-Conoco transaction. The trial judge, however, found Rule 604 in conflict with wording in R.S. 47:605(A) which says that “... in no event shall value be less than is shown on the books of the taxpaying corporation.”
The state, on appeal, does not question the validity of Rule 604; instead, appellee contends only that the trial judge was right in overlooking the rule as conflicting with the mandatory aspects of the statute.
We find, however, that Rule 604 is not in conflict with the statutes considered in their entirety but is rather a rule interpreting that part of the corporation franchise tax statutes (Title 47) as they relate to the particulars of the Du Pont transaction.
Furthermore, the Department of Revenue should abide by rules published by it for taxpayer adherence and guidance. In St. Charles Parish School Board, et al. v. Louisiana Power and Light Co., et al., 465 So.2d 93 (La.App. 5 Cir.1985), this Court said at page 97:
“It is a well established rule of law that tax statutes shall be interpreted liberally in favor of the taxpayer, and, if the statute can reasonably be interpreted more than one way, the interpretation less onerous to the taxpayer shall be adopted. State v. Standard Oil Co. of Louisiana, 188 La. 978, 178 So. 601 (1937) ...”
The promulgation of Rule 604 subjects R.S. 47:604 and 47:605 to several interpretations. Accordingly, we set aside that portion of the judgment fixing Du Pont’s corporate franchise tax based on the value shown in its corporate books and we remand to the district court for a determination of Du Pont’s tax in conformity with Rule 604.
Each party is to bear its respective costs of this appeal.
*219 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.