PER CURIAM.
Appellant, Sharon R. Leichering, proceeding pro se, appeals a decision of the Unemployment Appeals Commission [“UAC”] affirming a referee’s determination that she had not timely appealed a redetermination of the award of her unemployment benefits.
The City of Orlando had employed appellant prior to her termination. She was awarded unemployment benefits of $275 per week with an effective date of June 23, 2002. Subsequently, however, she was notified that she was not entitled to unemployment benefits because the City had terminated her employment for discharging a weapon on the job. The notice contained the following: “[t]he determination will become final unless you request a hearing within 20 days from the mailing date of this notice explaining the basis of the protest.” The twenty-day period expired on September 3, 2002.
Appellant sent the Office of Appeals a letter dated September 7, 2002, asserting that she had never received the August 14 notice of determination. She wrote that she had found out about the notice in a letter informing her that she was required to repay $825 in benefits already received.
A referee held a hearing on October 7, 2002, and initially took up the issue of whether the appeal was timely. Appellant testified that she had never received the notice of determination. The referee found that the agency had mailed the notice of determination to appellant on August 14, 2002, the date that appeared on the form, and that appellant’s mailing address was correctly printed on the notice, and dismissed the appeal due to a lack of jurisdiction. Appellant unsuccessfully appealed the referee’s decision to the UAC.
*851 Here, the UAC urges that the referee was legally bound under section 443.151(3)(a), Florida Statutes (2000) to dismiss appellant’s appeal because she filed it more than 20 days after the decision was mailed to the parties. The UAC notes that section 443.151(3)(a), Florida Statutes, and Florida Administrative Code Rule 60BB-5.007 do not permit any “good cause” exceptions to the dismissal rule. The Commission, however, acknowledges that Florida appellate courts have directed appeals referees to accept late filed appeals on due process grounds where the determination appealed from was not received by appellants within the time for filing an appeal.[1] See, e.g., Koppelman v. Unemployment Appeals Comm’n, 626 So.2d 322 (Fla. 1st DCA 1993); Livingston v. Unemployment Appeals Comm’n, 620 So.2d 1103, 1104 (Fla. 4th DCA 1993); Carrigan v. Unemployment Appeals Comm’n, 616 So.2d 216 (Fla. 5th DCA 1993); Finney v. Unemployment Appeals Comm’n, 587 So.2d 637 (Fla. 4th DCA 1991); Robinson v. Florida Unemployment Appeals Comm’n, 526 So.2d 198 (Fla. 4th DCA 1988); Pierre v. Oriente Sugar Cane Planting, Inc., 504 So.2d 431 (Fla. 4th DCA 1987); but see Fryer v. Florida Unemployment Appeals Comm’n, 691 So.2d 27 (Fla. 2d DCA 1997).
The facts of this case are similar to this court’s Carrigan decision. Carrigan had applied for unemployment benefits and received a Wage and Transcript document stating that he would receive $72/week in benefits. 615 So.2d at 217. Subsequently, the Agency denied Carrigan all benefits and mailed him a determination, dated February 11, 1992, advising him of the denial. Id. On March 9, 1992, Carrigan filed a notice of appeal on which he wrote: “We just received this determination on March 4, 1992.” Id. The referee found Carrigan’s notice of appeal to be untimely because the time between the mailing date of February 11, 1992, and Carrigan’s filing of a notice of appeal exceeded the 20-day period. Id. At the hearing, Carrigan testified that he did not receive the determination until March 4,1992. Id.
This court reversed, concluding that Carrigan’s testimony was the only competent evidence of when the notice of determination was received. Id. This court noted that section 443.031 specifies that Chapter 443 is to be liberally construed and cited to Florida’s numerous cases holding that, although the appeal was not timely filed, an appeal was possible. Id. This court also reasoned:
To establish the mailing date, courts require competent factual evidence of the date of the mailing. Mere testimony of customary procedures is insufficient. Without such evidence, the date of mailing is subject to mere guesswork, and creates such uncertainty that the ends of justice are best served by allowing the appeal. We do not think that a typed notation of the “mailing date” on top of the determination is sufficient evidence to establish the mailing date, (citations omitted)(emphasis added).
Id. at 218.
This case is indistinguishable from Car-rigan. The notice of determination included a typed entry identifying: “date mailed 08/14/02.” This was the only evidence in the record to support the appeals referee’s conclusion. On the authority of Carrigan, we reverse and remand with instructions to allow appellant’s appeal to go forward on the merits.
REVERSED and REMANDED.
*852 THOMPSON and MONACO, JJ., concur.
GRIFFIN, J., concurring and concurring specially, with opinion.

. "The rationale behind these court related exceptions to the dismissal rule was that due process required that the adversely affected party must be given timely notice of the decision against him.” UAC's brief at 5-6.