961 So.2d 1020 (2007)
Deanna STUART, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Rent Way Incorporated, Appellees.
No. 1D06-4405.
District Court of Appeal of Florida, First District.
July 12, 2007.
*1021 Deanna Stuart, pro se, Appellant.
Geri Atkinson-Hazelton, General Counsel, and Louis A. Gutierrez, Senior Attorney, Unemployment Appeals Commission, Tallahassee, for Appellees.
PER CURIAM.
Deanna Stuart appeals the Order of the Unemployment Appeals Commission ("Commission"), which affirmed the appeals referee's ruling. Stuart raises numerous issues on appeal, only one of which merits discussion. Stuart contends that Rent Way Incorporated's ("Employer"), initial appeal to the appeals referee was untimely. We conclude that the record demonstrates that the Employer's appeal was untimely and the appeals referee lacked jurisdiction to hear the appeal. Therefore, we reverse with instructions to the Commission to dismiss the Employer's appeal.
Following the Agency for Work-force Innovation's ("Agency") determination that Stuart was entitled to unemployment benefits, the Employer appealed the Agency's determination to an appeals referee. After the appeals referee reversed the Agency's determination, Stuart appealed to the Commission. The Commission subsequently affirmed the appeals referee's decision. This appeal followed. Stuart argues that the Employer's appeal was untimely because it was filed more than twenty days after the mailing of the Agency's determination to the parties.
Section 443.151(3)(a), Florida Statutes (2006), provides, "[t]he determination is final unless within 20 days after the mailing of the notices to the parties' last known addresses, or in lieu of mailing, within 20 days after the delivery of the notices, an appeal or written request for reconsideration is filed by the claimant or other party entitled to notice." This twenty-day deadline is jurisdictional, and the appeals referee does not have jurisdiction to hear an untimely appeal. See Thurman v. Fla. Unemployment Appeals Comm'n., 881 So.2d 89, 90 (Fla. 1st DCA 2004). The rules place an affirmative duty on the appeals referee to determine the timeliness of the appeal sua sponte. See Fla. Admin Code R. 60BB-5.007(1)-(2)(2006).
The appeals referee failed to include any factual findings concerning the timeliness of the Employer's appeal, however, the record clearly demonstrates that the Employer filed an untimely appeal 22 days after the Agency issued their determination. The appeals referee was therefore without jurisdiction to hear the Employer's appeal and the Agency's determination was final.
Accordingly, we reverse with instructions for the Commission to dismiss the Employer's appeal as untimely.
REVERSED and REMANDED with instructions.
BROWNING, C.J., BENTON and LEWIS, JJ., concur.