# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 09-1120

**SCIENTIFIC DRILLING INTERNATIONAL, INC.**

**VERSUS**

**CARL MECHE, THE DIRECTOR OF THE LAFAYETTE PARISH SCHOOL BOARD SALES TAX DIVISION**

\*\*\*\*\*\*\*\*\*\*\*\*

**APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2006-6401, DIVISION "B"
HONORABLE JULES D. EDWARDS, III, DISTRICT JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

**JAMES T. GENOVESE
JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and James T. Genovese, Judges.

Saunders, J., dissents and assigns written reasons.

**AFFIRMED.**

**Robert R. Rainer
Drew M. Talbot
Rainer, Anding & McLindon
8480 Bluebonnet Boulevard, Suite D
Baton Rouge, Louisiana 70810
(225) 766-0200
COUNSEL FOR DEFENDANT/APPELLANT:**
    Carl Meche, the Director of the Lafayette Parish
    School Board Sales Tax Division

**Jesse R. Adams, III**
**Andre B. Burvant**
**Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P.**
**201 St. Charles Avenue – 51st Floor**
**New Orleans, Louisiana 70170-5100**
**(504) 582-8000**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Scientific Drilling International, Inc.**


**Frederick Mulhearn**
**David Hansen**
**Louisiana Department of Revenue**
**Legal Division**
**617 North Third Street**
**Post Office Box 4064**
**Baton Rouge, Louisiana 70821-4064**
**(225) 219-2080**
**COUNSEL FOR *AMICUS CURIAE*:**
     **Cynthia Bridges, Secretary,**
     **Louisiana Department of Revenue**

**GENOVESE, Judge.**

Defendant/Appellant, Carl Meche, the Director of the Lafayette Parish School Board Sales Tax Division (School Board), appeals from the trial court's grant of summary judgment in favor of Plaintiff/Appellee, Scientific Drilling International, Inc. (Scientific), finding no use tax was owed by Scientific to the School Board. For the following reasons, we affirm the judgment of the trial court.

## FACTS

Scientific filed a Petition for Refund of Tax Paid Under Protest against the School Board in December of 2006. Scientific's payment of a use tax to the School Board was made, under protest, pursuant to an audit of Scientific's business operations from May 1, 2003, through March 31, 2006.

Both Scientific and the School Board filed motions for summary judgment. According to the School Board's Motion for Partial Summary Judgment, it "issued to [Scientific] a formal Notice of Assessment on July 10, 2006" after which Scientific paid "$443,629.24 . . . under protest . . . ."

In its Cross-Motion for Summary Judgment, Scientific asserted that it was entitled to a "refund [of] the entirety of [its] payment under protest." In its memorandum in support of its motion, Scientific argued that according to the Lafayette Parish School Board Sales and Use Tax Ordinance (Lafayette Ordinance), "only tangible personal property that is stored for use in the Parish is subject to the tax levy by the Ordinance."

A hearing on the parties' counter motions for summary judgment was held on July 20, 2009. The trial court ruled in favor of Scientific, stating: "It appears to me that no tax was levied on property stored for use in another parish, no tax was levied

1

by the taxing authority." A judgment to this effect was signed by the trial court the same day. The School Board appeals.

## ASSIGNMENTS OF ERROR

The School Board asserts the following assignments of error:

I.  The [trial court] committed reversible error in granting the [Cross-]Motion for Summary Judgment filed by Scientific, and in denying the Motion for Partial Summary Judgment filed by the School Board, by holding that the applicable Lafayette Parish Ordinances do not impose a use tax on articles of tangible personal property purchased out-of-state tax free and then imported into Lafayette Parish for interchangeable, universal[,] and indiscriminate use both within and outside the Parish.

II.  The [trial court] committed reversible error in failing to hold that pursuant to the "taxable moment" rule, adopted by the Supreme Court of Louisiana and the Third Circuit Court of Appeal, the use tax attached the moment the imported property had ended its interstate travels, came to rest in Lafayette Parish, and became a part of the mass of the property of Lafayette Parish were it was stored, repaired[,] and distributed.

III.  The [trial court] committed reversible error in failing to hold that Scientific overcame the legal presumption that its imported property, upon coming to rest in Lafayette Parish for interchangeable, universal[,] and indiscriminate ultimate use in all of Scientific's market areas, was presumed to be subject to Lafayette Parish use tax.

## STANDARD OF REVIEW

Our Louisiana Supreme Court has instructed us on the standard of review relative to a motion for summary judgment as follows:

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Duncan v. U.S.A.A. Ins. Co.*, 2006-363[,] p. 3 (La.11/29/06), 950 So.2d 544, 546, see [La.Code Civ.P.] art. 966. A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.* whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Wright v. Louisiana Power & Light*, 2006-1181[,] p. 17 (La.3/9/07), 951 So.2d 1058, 1070; *King v. Parish*

2

*National Bank*, 2004-0337[,] p. 7 (La.10/19/04), 885 So.2d 540, 545; *Jones v. Estate of Santiago*, 2003-1424[,] p. 5 (La.4/14/04), 870 So.2d 1002, 1006.

*Samaha v. Rau*, 07-1726, pp. 3-4 (La. 2/26/08), 977 So.2d 880, 882-83 (footnote omitted).

## LAW AND DISCUSSION

Louisiana Civil Code Article 9 provides: "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature."

> [T]ax statutes are to be interpreted liberally in favor of the taxpayer, and if the statute can reasonably be interpreted more than one way, the interpretation less onerous to the taxpayer shall be adopted. *Tarver v. E.I. DuPont de Nemours and Co.*, 616 So.2d 216 (La.App. 5th Cir.1993), *affirmed*, 93-1005 (La. 3/24/95); 634 So.2d 356.

*Clyde Juneau Co., Inc. v. Caddo-Shreveport Sales and Use Tax Comm'n*, 28,433, p. 6 (La.App. 2 Cir. 6/26/96), 677 So.2d 610, 613.

The relevant section of the Lafayette ordinance specifically applicable in this case provides, in pertinent part (emphasis added):

### IMPOSITION OF TAX

> Section 2.01. There is hereby levied from and after December 1, 1965, for the purposes stated in the proposition set forth in the preamble to this resolution, a tax upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services *within this Parish*, as defined herein; . . . .

On appeal, the School Board cites *Firestone Polymers v. Calcasieu Parish School System*, 07-501 (La.App. 3 Cir. 10/31/07), 969 So.2d 748, and *Word of Life Christian Center v. West*, 04-1484 (La. 4/17/06), 936 So.2d 1226, as applicable jurisprudence in the instant matter. The School Board argues that these cases

3

support its contention that all tangible property imported into Lafayette Parish is taxable at the moment it comes to rest in the parish.

In *Firestone*, the taxpayer sought a refund of taxes paid on shipping containers leased out-of-state, delivered to its plant in Calcasieu Parish, Louisiana, and stored and maintained there while periodically used in interstate commerce. This court affirmed the summary judgment in favor of the tax collector because Louisiana's interstate commerce exclusion, found in La.R.S. 47:305(E), did not prohibit the tax collector from applying the lease tax on shipping containers.

In *Word of Life*, the taxpayer, a nonprofit religious organization located in Ascension Parish, challenged a use tax levied on its purchase and use of airplanes. After an extensive examination of the "taxable moment" and "ultimate use" doctrines, our supreme court held that once the airplanes were imported and parked in a hangar in East Baton Rouge Parish, they came to rest in Louisiana; thus, a "taxable moment" occurred in Louisiana. *Id.* at 1239. Though the supreme court determined that the taxpayer was subject to Louisiana's use tax in Louisiana, the supreme court also held that the applicable section of the Ascension Parish ordinance did not grant it the authority to impose a use tax on property delivered outside of the territorial limits of the parish.

Scientific argues that *Firestone* and *Word of Life* are not controlling in this case. In brief, Scientific asserts:

> [*Firestone* and *Word of Life*] only answer the first question of whether the Parish **can** levy a tax on goods moving in interstate commerce. However, while the Parish **may** have the authority to levy a tax, the School Board neglects to consider the second question of whether the Ordinance **actually** levies a tax on storage. In the case of the Ordinance at issue, it specifically, and clearly, only imposes a tax on property "stored for use or consumption in the Parish."

4

We agree. Though the aforementioned cases uphold the authority of a taxing agency to impose such a use tax, the language of the Lafayette ordinance does not grant the authority to impose such a tax on property stored but not used in Lafayette Parish.

Further, we find instructive our holding in *Lafayette Parish School Board v. C&B Sales & Service, Inc.*, 98-1096, 98-1097 (La.App. 3 Cir. 2/3/99), 735 So.2d 6. There, analogous to the instant matter, the issue was whether compressors that were assembled and stored in Lafayette Parish, but used elsewhere, were subject to a use tax in Lafayette Parish. Analyzing the same ordinance, this court affirmed the trial court's holding that the Lafayette ordinance does not impose a use tax on property *which is stored but not used in Lafayette Parish*.

Applying the terms of the ordinance at issue herein, no use tax is due on equipment stored but not used in Lafayette Parish. For there to be a "taxable moment," as the School Board argues, a provision authorizing an imposition of a use tax on property which is stored but not used must exist in the ordinance. The Lafayette ordinance simply imposes a use tax on property that is both stored and used in Lafayette Parish. We find no error in the trial court's ruling that Scientific owed no use tax to the School Board for the property that it stored, but did not use, in Lafayette Parish.

## DECREE

For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against Defendant/Appellant, Carl Meche, the Director of the Lafayette Parish School Board Sales Tax Division.

**AFFIRMED.**

**SAUNDERS, Judge**

The majority opinion affirms the trial court's ruling granting a Cross-Motion for Summary Judgment in favor of Scientific. The judgment holds that the applicable Lafayette Parish ordinances do not apply to Scientific because the equipment was stored but not "used" within the Parish. I disagree.

As noted in the majority opinion, the jurisprudence supports the proposition that a taxing agency may impose such a use tax. The majority finds, however, that the language of the ordinance at issue does not provide for imposing such a tax. The primary question becomes whether the equipment was "used" within the Parish.

The relevant section of the ordinance reads as follows:

> Section 2.01. There is hereby levied from and after December 1, 1965, for the purposes stated in the proposition set forth in the preamble to this resolution, a tax upon the sale at retail, **the use**, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services within this Parish, as defined herein; . . . .

The majority opinion suggests that the equipment must be "used" in Lafayette Parish in order to fall within the ambit of the ordinance. On this point we are in agreement. Where we disagree is on the meaning of the word as it is intended in the ordinance.

Central to my concerns in this matter is the disconnect between the generally prevailing notions of the meaning of "use" and its definition as it relates to tax matters—more specifically, how it is defined by the Louisiana Administrative Code's section on sales and use tax.

A reading of LAC 61:I.4301 (A-B) makes it clear that words and phrases in the Administrative Code shall be construed according to the common usage of the language, except when those words or phrases are "[t]echnical words and phrases" or are defined under LAC 61:I.4301(C). "Use" is so defined:

a. *Use* under state and local sales or use tax law is intended to include not only the commonly accepted concept of *use* but also to cover the consumption, the distribution, or the storage, or the exercise of any right of power over tangible personal property. Since tax is imposed on the sale or tangible personal property, *use* has been defined to specifically exclude property sold at retail in the regular course of business.

It is clear then that the word "use", when employed in state and local tax law (the Lafayette Parish ordinance), covers the storage or the exercise of any right of power over tangible personal property. This is in contrast with "use" as it is contemplated in the proposed opinion and in the Merriam-Webster dictionary, where it is defined as, "the act or practice of employing something."

Along with these codal provisions, I find significant the following language used by our Supreme Court in *BP Oil Co. v. Plaquemines Parish Government*, 93-1109 (La. 9/6/94), 651 So.2d 1322, 1328, a case where the operator of a refinery was seeking the refund of overpayments of local use taxes: "Therefore, while a local government can enact use tax legislation without legislative authorization at a rate of up to three percent, the local government must define the terms of the legislation in accordance with the general state laws on use taxes."

When considering the definition of "use" under the Louisiana Administrative Code coupled with the Louisiana Supreme Court's language in *BP Oil Co.*, it is inescapable that by storing its out-of-state purchased equipment in a Lafayette Parish warehouse, Scientific's conduct fell squarely within the scope of the ordinance promulgated by Lafayette Parish. Thus, the taxes paid should not be refunded, and the decision of the trial court should be reversed. It is for these reasons that I disagree with the majority.

Accordingly, I respectfully dissent.

2