EMAS, J.
 

 Arlides Bertot (“Bertot”) appeals a final order of the Unemployment Appeals Commission (“UAC”) which affirmed the decision of the Agency for Workforce Innovation (“the Agency”) to deny Bertot unemployment compensation benefits, based upon the untimely filing of an appeal from the initial determination. The issue presented in this case is whether an untimely appeal from an initial determination is rendered timely by the issuance of a redetermination, pursuant to section 443.151(3)(e)(3), Florida Statutes. We hold that it is not, and affirm the decision of the UAC.
 

 Bertot injured his back in July 2010, and a physician ordered two weeks of rest. On July 12, 2010, Bertot telephoned his employer, Sun Commodities, to advise of his physical condition and his doctor’s orders. On or about July 18, 2010, Bertot went to his workplace to deliver a physician’s note to his manager. Upon arriving at the office, the supervisor told Bertot that his employment had been terminated.
 

 Bertot filed for unemployment benefits on July 18, 2010. The Agency mailed a notice of determination (“Initial Determination”) on August 13, 2010, advising Ber-tot benefits were not payable, and that “the determination will be final unless an appeal is filed within 20 calendar days after the [August 13, 2010] mailing date.” Although Bertot filed an appeal from the Initial Determination, he concedes he did so untimely, filing it several days after the expiration of the twenty-day deadline. On October 1, 2010, the Agency mailed Bertot a “Notice of Redetermination” (“Redeter-mination”), which indicated that the Initial Determination remained unchanged, and benefits were not payable to Bertot.
 
 [1]
 
 Although the Redetermination provided notice to Bertot that he had twenty days to file an appeal from the Redetermination, he did not file an appeal of the Redetermi-nation.
 

 On October 27, 2010, the appeals referee held a telephone hearing. The first (and, as it turned out, the only) issue addressed was whether Bertot filed a timely appeal from the Initial Determination. The referee concluded that Bertot’s appeal was not filed within twenty days of the Initial De
 
 *1014
 
 termination’s mailing, and accordingly, dismissed the appeal for lack of jurisdiction. The UAC affirmed this decision, and this appeal followed.
 

 Bertot argues that a plain reading of section 443.151(3)(e)(3), Florida Statutes (2010), renders his appeal timely. That subsection provides:
 

 If an appeal of an original determination is pending when a redetermination is issued, the appeal unless withdrawn is treated as an appeal from the redetermi-nation.
 

 Although Bertot concedes that his appeal of the Initial Determination was untimely, he argues that this untimely appeal was “pending” at the time the Agency issued its Redetermination, and therefore, under the statute, this court is required to treat his untimely appeal from the Initial Determination “as an appeal from the Re-determination” and, thus, a timely appeal.
 

 UAC argues that an untimely appeal from the Initial Determination cannot be transformed into a timely appeal by the issuance of a Redetermination. It argues the only logical interpretation of the term “pending” in section 443.151(3)(e)(3) is a
 
 timely
 
 pending appeal. Because the failure to timely file the appeal is jurisdictional in nature, we agree that the statute can only properly be construed as requiring the pending appeal to be timely filed.
 
 [2]
 

 Section 443.151(3)(c), Fla. Stat., provides that a “determination is final unless within 20 days after the mailing of the notices to the parties’ last known addresses, ... an appeal or written request for reconsideration is filed by the claimant....” The late filing of an appeal deprives the appeals referee of jurisdiction to consider the merits of the underlying claim.
 
 Mejia v. Cottonimages.com, Inc.,
 
 27 So.3d 688 (Fla. 3d DCA 2010);
 
 Leon v. Unemployment Appeals Comm’n,
 
 476 So.2d 761 (Fla. 3d DCA 1985).
 
 [3]
 

 Bertot concedes that his appeal from the Initial Determination was untimely. This alone deprived the appeals referee of jurisdiction to consider the merits of Bertot’s claim. Pursuant to section 443.151(3)(c), Florida Statutes, the Initial Determination was final. Because the untimely appeal from that Initial Determination could not confer jurisdiction, we hold that the issuance of a Redetermination could not cure this jurisdictional bar, or provide Bertot with greater rights than he otherwise would have been afforded had the Rede-termination never been issued.
 

 Affirmed.
 

 [1]
 

 . There is nothing in the record to indicate why a Redetermination was issued, nor is there any record evidence that Bertot requested such a Redetermination. The Redetermi-nation was, in all material respects, identical to the Initial Determination.
 

 [2]
 

 . Although the issue appears to be one of first impression, at least one district court of appeal has implicitly held that a pending appeal from an initial determination necessarily means a pending and timely appeal.
 
 Brooks v. Unemployment Appeals Comm’n,
 
 760 So.2d 1108, 1110 (Fla. 4th DCA 2000) (noting that "because Brooks' appeal, which was timely filed, ... was still pending on the date the redetermination issued and because he never withdrew his notice of appeal, his appeal must be treated 'as an appeal from such rede-termination.”).
 

 [3]
 

 . Although case law has carved out a narrow exception allowing an untimely appeal to proceed based upon due process considerations,
 
 see, e.g., Leichering v. Unemployment Appeals Comm’n,
 
 854 So.2d 850 (Fla. 5th DCA 2003) (permitting untimely appeal where the notice of determination appealed from was not received by claimant within the time for filing an appeal), such an exception is inapplicable here. The appeals referee in fact conducted a timeliness hearing and determined that claimant failed to establish any good cause for the untimely appeal from the Initial Determination. Bertot does not appeal this factual finding.