NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 11-821

UNITED STATES OF AMERICA, RURAL DEVELOPMENT, (FORMERLY THE FARMERS HOME ADMININSTRATION (FMHA)), UNITED STATES DEPARTMENT OF AGRICULTURE

VERSUS

THE UNOPENED SUCCESSION AND/OR HEIRS OF LOLA SIBLEY BEO (DECEASED), ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 84083
HONORABLE DEE A. HAWTHORNE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Billy Howard Ezell, Judges.

AFFIRMED.

Gregory Robert DeKeyzer
Post Office Box 12521
New Iberia, LA 70562-2521
(337) 367-0214
COUNSEL FOR PLAINTIFF/APPELLEE:
    United States of America, Rural Development, Department of Agriculture


George Leopold Celles  IV
Post Office Box 486
Natchitoches, LA 71458-0486
(318) 238-4000
COUNSEL FOR DEFENDANT/APPELLEE:
    The Unopened Succession and/or Heirs of Lola Sibley Beo

**David Sibley**
**In Proper Person**
**205 Kelly St.**
**Natchitoches, LA 71457**

**Ezell, Judge.**

The United States of America, Rural Development, acting through the United States Department of Agriculture (USDA Rural Development), filed suit against the Unopened Succession of Lola Sibley Beo and David Sibley seeking a judgment in rem against property located in the Parish of Natchitoches. The trial court granted a judgment in rem in favor of the USDA Rural Development recognizing its special mortgage, lien, and privilege. We affirm.

## FACTS

In 1994, Ms. Beo executed and delivered two promissory notes in the amounts of $36,750.00 and $7,170.00 with an interest rate of 6.5 percent per year. On December 2, 2000, David Sibley assumed the promissory notes. The principal and interest were reamortized on April 2, 2001. The new principal amounts were $34,188.22 and $6,495.69. In connection with the promissory notes, Ms. Beo executed a mortgage on her property located in Natchitoches Parish.

Mr. Sibley defaulted on the notes. In February 2010, notice of acceleration of the mortgage loans was sent to Mr. Sibley informing him that the entire indebtedness was now due and that failure to pay in full would result in foreclosure of the property securing the mortgage. Again, on November 26, 2010, Mr. Sibley was notified that foreclosure was imminent.

On January 13, 2011, the USDA Rural Development filed a petition for a judgment in rem seeking enforcement of the mortgage and requesting that the immovable property be sold without benefit of appraisal. George Celles was appointed to represent the Unopened Succession of Lola Sibley Beo. Mr. Sibley, acting in proper person, filed a motion to dismiss the petition arguing that a state court did not have jurisdiction to rule on federal matters. The USDA Rural Development filed a motion for summary judgment.

A hearing was held on April 20, 2011. The trial court denied Mr. Sibley's motion to dismiss, ruling that the state court had jurisdiction. The trial court also granted the USDA Rural Development's motion for summary judgment, finding that it was entitled to a judgment in rem. A judgment in rem was signed on April 20, 2011, to the extent of the Unopened Succession of Lola Sibley Beo and Mr. Sibley's indebtedness in the property. The trial court further held that the USDA Rural Development shall have no right to proceed against the Defendants for any deficiency remaining after a sheriff's sale of the property.

## JURISDICTION

Mr. Sibley disputes that a state court had jurisdiction to decide this case which involved a federal entity.

In matters involving federal law, a state court is only bound by decisions of the United States Supreme Court. *Kornman v. Blue Cross/Blue Shield of Louisiana*, 94-306 (La.App. 5 Cir. 9/26/95), 667 So.2d 1054, *writ denied*, 95-3025 (La. 2/16/96), 667 So.2d 1054, *cert. denied*, 518 U.S. 1007, 116 S.Ct. 2527 (1996). A state court has authority to render decisions based on its own interpretation of federal law when federal courts do not have exclusive jurisdiction over the matter. *Id.* The in rem jurisdiction of a state court is founded on physical power and has its basis in the presence of the subject property within the territorial jurisdiction of a forum court. *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228 (1958).

Mr. Sibley has cited no authority for his assertion that a Louisiana State Court does not have jurisdiction over this in rem matter. We find no merit to his argument.

## APPOINTMENT OF ATTORNEY

Mr. Sibley objects to the appointment of Mr. Celles to represent the Unopened Succession of Lola Sibley Beo.

Pursuant to La.Code Civ.P. art. 5091(A)(1)(c), when a court has jurisdiction of the property of defendant, an attorney shall be appointed to represent the deceased

when no succession representative has been appointed. The USDA Rural Development requested the appointment of an attorney to represent the Unopened Succession of Lola Sibley Beo. Therefore, we find no merit to Mr. Sibley's argument.

## OTHER ISSUES

Mr. Sibley has made additional arguments to this court which have no relationship to the proceedings. We have made a de novo review of the record as required when summary judgment is granted and find that there are no genuine issues of material fact. La.Code Civ.P. art. 966; *Scientific Drilling Int'l., Inc. v. Meche*, 09-1120 (La.App. 3 Cir. 2/3/10), 29 So.3d 1283, *writ denied*, 10-511 (La. 4/30/10), 34 So.3d 298. The USDA Rural Development presented documentary evidence, including an affidavit, establishing that it was entitled to a judgment in rem.

For the above reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to David Sibley.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Courts of Appeal. Rule 2-16.3.