LEWIS, J.
 

 Appellant, Ouafae E. Peterson, appeals from a final order of the Unemployment Appeals Commission (“UAC”), which affirmed the appeals referee’s (“referee”) determination that Peterson was not entitled to unemployment benefits. Peterson raises four issues on appeal, only one of which merits discussion. Specifically, Peterson argues that the Hertz Corporation’s (“Employer”) appeal to the referee was untimely, despite the referee’s finding that the appeal was timely filed. The UAC properly concedes that evidence in the record on appeal does not establish when the Employer filed the appeal. For the reasons explained below, we reverse and remand the UAC’s final order.
 

 
 *907
 
 I. FACTS AND PROCEDURAL HISTORY
 

 Following the Agency for Workforce Innovation’s (“Agency”) determination that Peterson was entitled to unemployment benefits, the Employer filed an appeal. A notice of hearing was mailed to the parties indicating that the issue to be addressed was whether Peterson was discharged for misconduct connected with work or voluntarily left work without good cause. At the hearing, Peterson raised the issue of timeliness of the Employer’s appeal, arguing that the Employer’s appeal was filed more than twenty days after the date the Agency mailed its determination. The referee made an oral finding that the appeal was timely filed on the 20th day. However, the Agency mailed the notice of determination on February 25, 2010, and the Employer’s appeal document was stamp dated as received by the Agency on March 23, 2010. Although the referee stated on the record that the Employer’s appeal was timely filed, she did not specify how she reached that conclusion. The referee did not question the Employer regarding when its appeal was filed or otherwise develop a record regarding the timeliness of the Employer’s appeal. Furthermore, the record does not contain a postmarked envelope or fax stamp to support the referee’s conclusion or otherwise verify when the appeal was filed.
 

 After making an oral finding on timeliness of the Employer’s appeal, the referee proceeded with the hearing on the merits and reversed the Agency’s determination. Peterson appealed to the UAC. Subsequently, the UAC reversed the referee’s decision and remanded with instructions for the referee to resolve conflicting evidence with respect to the disputed issue of whether Peterson voluntarily left work without good cause attributable to the Employer. On remand, the referee complied with the UAC’s instructions and again reversed the Agency’s determination, which was affirmed by the UAC. This appeal followed.
 

 The UAC moved this Court to relinquish jurisdiction indicating that the referee did not address the issue of whether the Employer’s appeal was timely filed and that Peterson did not raise the issue of timeliness of the Employer’s appeal before the UAC. The UAC also conceded that the record was unclear as to whether the Employer’s appeal was timely filed. Peterson opposed the UAC’s motion, arguing that the transcript of the proceedings before the referee reflects that the referee in fact addressed and ruled on the timeliness of the Employer’s appeal, and concluded that it was timely filed on the 20th and final day for filing an appeal. Although the record reveals no material evidence supporting the referee’s decision in this regard, Peterson argued that the referee did make a factual finding concerning the filing date of the appeal, which finding is refuted by the record showing that the Employer’s appeal was stamped as “received” on a date after the twenty-day period had expired.
 

 We subsequently ordered the UAC to supplement the record with record evidence supporting the referee’s finding that the appeal was timely filed. The UAC responded that it was unable to comply with our order and again requested that we relinquish jurisdiction so that the referee may consider the timeliness issue and provide the parties an opportunity to present evidence on this issue. We granted the UAC’s motion and temporarily relinquished jurisdiction to the UAC with directions to relinquish its jurisdiction to the referee for further proceedings in order to create a supplemental record on the issue of timeliness of the Employer’s appeal. In compliance with our order, the UAC re
 
 *908
 
 manded the case to the referee for purposes of conducting an evidentiary hearing on the issue of timeliness of the appeal. The referee scheduled a hearing on the issue and notices were sent to the parties. On the scheduled date and time of the hearing, the referee made two attempts to contact the Employer. The referee made an initial call to the Employer’s contact person, and the contact person did not answer. The referee left a voicemail. When the Employer did not participate in the hearing or respond to the referee’s voicemail, the referee left a second voice-mail indicating that the case would be dismissed. Subsequently, the UAC filed a response to our order indicating that it was returning jurisdiction to this Court. Peterson responded by renewing her argument that the Employer’s appeal was untimely and that the referee lacked jurisdiction to hear the Employer’s appeal.
 

 II. ANALYSIS
 

 When the UAC reviews the referee’s findings, the referee’s findings must be “accorded a presumption of correctness.” Szn
 
 iatkiewicz v. Unemp’t Appeals Commn.,
 
 864 So.2d 498, 501 (Fla. 4th DCA 2004). Accordingly, “[t]he UAC’s standard of review of the ... referee’s decision is whether the referee’s findings of fact were based on competent, substantial evidence in the record and whether the proceedings on which the findings were based complied with the essential requirements of the law.”
 
 Id.
 
 at 501-02. Both the appellate court and the UAC must accept the referee’s findings of fact unless those findings are not based on competent, substantial evidence.
 
 His Kids Daycare v. Fla. Unemp’t Appeals Comm’n,
 
 904 So.2d 477, 479 (Fla. 1st DCA 2005).
 

 Section 443.151(3)(a), Florida Statutes (2009), provides that the Agency’s determination is final unless the parties file an appeal within twenty days after the mailing of the notices, or in lieu of mailing, within twenty days after the delivery of the notices to the parties. With respect to the timeliness of such administrative appeals, Florida Administrative Code Rule 60BB-5.005 (2009) provides as follows:
 

 (1) The appeal shall be filed within 20 calendar days of the date the determination or redetermination was mailed to the appellant’s last known address or, in the absence of mailing, the date of delivery to the appellant.
 

 (2) The appeal shall be filed by mailing . the appeal document ...; by facsimile transmission of the appeal document to any .location designated in subsections 60BB-5.004(1), (2), and (3), F.A.C.; or by hand delivery....
 

 (3) Appeals filed by mail shall be considered to have been filed when postmarked by the United States Postal Service. Appeals filed by hand delivery or facsimile shall be considered to have been filed when date stamped received at the authorized location.
 

 (4) Upon receipt of an appeal delivered in person or by facsimile transmission, the Commission, Agency for Workforce Innovation or Office of Appeals employee shall record the date of receipt on the appeal document.
 

 The late filing of an appeal deprives the referee of jurisdiction to consider the merits of the underlying claim.
 
 Stuart v. Fla. Unemp’t Appeals Comm’n,
 
 961 So.2d 1020, 1021 (Fla. 1st DCA 2007). A determination of timeliness of an appeal is an issue of fact.
 
 Mendelsohn v. Fla. Unemp’t Appeals Comm’n,
 
 851 So.2d 208, 209 (Fla. 1st DCA 2003). Thus, “[t]he rules place an affirmative duty on the appeals referee to [make a finding of fact regarding] the timeliness of the appeal sua sponte.”
 
 Stuart,
 
 961 So.2d at 1021;
 
 see also
 
 Fla. Admin. Code R. 60BB-5.007(1)-(2) (2009).
 

 
 *909
 
 Rule 60BB-5.007 provides the following procedure to determine whether there was a late filing of an appeal:
 

 (1) If it appears that the appeal initiating the proceedings was not filed within the time allowed by law, the appeals referee shall notify the parties that timeliness of the appeal shall be one of the issues to be considered at the hearing.
 

 (2) The appeals referee shall take evidence on and consider the issue of timeliness of the appeal first. If the referee finds that the appeal was not filed within the time allowed by law, it shall be dismissed. The dismissal decision shall be limited to findings of fact and a conclusion of law with respect to the timeliness issue.
 

 (3) If the referee finds that the appeal was timely filed, evidence shall then be taken with regard to the merits of the case, and the appeals referee’s decision shall include findings of fact and conclusions of law with respect to both the timeliness issue and the merits of the appeal.
 

 Here, although the referee stated on the record that the Employer’s appeal was timely filed, she did not specify how she reached that conclusion. The referee did not question the Employer regarding when its appeal was filed or otherwise develop a record regarding the timeliness of the Employer’s appeal. In addition, the record does not contain a postmarked envelope or fax stamp to support the referee’s conclusion or otherwise verify when the appeal was filed. More importantly, the only record evidence on the timeliness of the appeal reflects that the Employer’s appeal was stamped as received by the Agency on March 23, 2010, more than twenty days after the determination at issue was mailed. Furthermore, upon this Court’s relinquishment of jurisdiction to the UAC for the referee to conduct an evidentiary hearing on the issue of timeliness of the Employer’s appeal, the Employer was duly noticed of the hearing and was given an opportunity to present evidence on the issue of timeliness. However, the Employer did not attend the hearing or respond to the referee’s voicemails. Consequently, on remand to the UAC, no evidence was presented showing that the Employer’s appeal was timely filed. Therefore, the record is devoid of any evidence supporting the referee’s finding that the Employer’s appeal was timely filed. As such, the referee’s finding that the Employer’s appeal was timely filed is not supported by competent, substantial evidence.
 

 III. CONCLUSION
 

 Based on the foregoing, we reverse the UAC’s final order and remand with instructions to dismiss the Employer’s appeal.
 

 REVERSED and REMANDED with instructions.
 

 WOLF and SWANSON, JJ., concur.