# Third District Court of Appeal

## State of Florida

Opinion filed January 4, 2023.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D22-830
Lower Tribunal Nos. 22-00557, 22-00558

————————

**Magaly H. Benitez,**
Appellant,

vs.

**Reemployment Assistance Appeals Commission,**
Appellee.

An Appeal from the Florida Reemployment Assistance Appeals Commission.

Magaly H. Benitez, in proper person.

Katie E. Sabo, Appellate Counsel (Tallahassee), for appellee.

Before EMAS, SCALES and BOKOR, JJ.

PER CURIAM.

Affirmed. <u>See</u> § 443.151(3)(c), Fla. Stat. (2022) (providing that the department's "nonmonetary determination is final unless within 20 days after the mailing of the notices to the parties' last known addresses, or in lieu of mailing, within 20 days after the delivery of the notices, an appeal or written request for reconsideration is filed by the claimant or other party entitled to notice"); <u>Bertot v. Fla. Unemployment Appeals Com'n</u>, 68 So. 3d 1012, 1014 (Fla. 3d DCA 2011) (holding "late filing of an appeal deprives the appeals referee of jurisdiction to consider the merits of the underlying claim"); <u>Molina v. Home Depot USA, Inc.</u>, 941 So. 2d 460 (Fla. 3d DCA 2006) (same); <u>Stuart v. Fla. Unemployment Appeals Com'n</u>, 961 So. 2d 1020, 1021 (Fla. 1st DCA 2007) (noting: "This twenty-day deadline is jurisdictional, and the appeals referee does not have jurisdiction to hear an untimely appeal").